UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| GERALD BURKE, | ) | Counts One Through Eight: |
| | ) | Bank Fraud |
| Defendant | ) | (18 U.S.C. § 1344) |
| | ) | |
| | ) | Counts Nine Through Ten: |
| | ) | Mail Fraud |
| | ) | (18 U.S.C. § 1341) |
| | ) | |
| | ) | Counts Eleven Through Thirteen: |
| | ) | Filing a False Tax Return |
| | ) | (26 U.S.C. § 7206(1)) |
| | ) | |
| | ) | Bank Fraud Forfeiture Allegation: |
| | ) | (18 U.S.C. § 982(a)(2)(A)) |
| | ) | |
| | ) | Mail Fraud Forfeiture Allegation: |
| | ) | (18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.     Defendant GERALD BURKE ("BURKE") was an individual who resided in West Springfield, Massachusetts.

2.     Company A was a privately owned metal stamping company located in Chicopee, Massachusetts.

3.     Prior to 2019, BURKE served as a partner and controller of Company A. In his

1

role, BURKE was responsible for all of Company A's finances, including payroll, and was a signatory on Company A's checking accounts.

4. Prior to 2019, Company A used an outside payroll provider to process its payroll. BURKE was responsible for providing the payroll provider the information required for the payroll provider to issue payment from Company A's accounts to its employees.

5. From on or about November 2, 2010, through on or about November 22, 2016, Company A maintained a checking account ending in 7672 at Nuvo Bank and Trust Company.

6. From on or about November 18, 2016, through on or about August 31, 2018, Company A maintained a checking account ending in 3001 at Merchants Bank.

7. Company A's account at Nuvo Bank and Trust Company ending in 7672 and its account at Merchants Bank ending in 3001 both required two signatures for any checks in amounts of more than $5,000.

8. Nuvo Bank and Trust Company was a financial institution as defined in 18 U.S.C. § 20.

9. Merchants Bank was a financial institution as defined in 18 U.S.C. § 20.

10. Prior to 2019, BURKE maintained various personal credit cards at American Express with account numbers ending in 31008, 32003, 32006, 33001, 33004, 34009, 35006, and 38000. Company A had a separate corporate account with American Express that ended with 01008.

11. Prior to 2019, BURKE maintained a personal checking account at PeoplesBank with an account number ending in 8280, and a personal savings account at PeoplesBank with an

account number ending in 9178.

## Bank Fraud and Mail Fraud Scheme

12. Beginning no later than March 2011 and continuing through at least in or around June 2018, BURKE engaged in a scheme and artifice to obtain money and property from Company A's accounts that he controlled and managed on behalf of Company A. In furtherance of this scheme, BURKE converted to his own personal use more than $1.4 million from at least two accounts of Company A.

13. Beginning no later than 2008 and continuing through in or about April 2018, Burke stole approximately $212,936 from Company A by directing Company A's payroll provider to issue him additional paychecks beyond what he was authorized to receive. The additional payroll checks were directly deposited in BURKE's personal checking account at PeoplesBank ending in 8280.

14. The unauthorized payroll checks that BURKE directed be paid to himself were recorded as expenses in payroll and therefore reported on BURKE's W-2 for tax purposes.

15. Beginning no later than in or about October 2011 and continuing through in or about November 2016, BURKE stole approximately $640,775 from Company A by writing more than 150 checks from Company A's 7672 account to pay his personal American Express credit card accounts ending in 31008, 32003, 32006, 33001, 33004, 34009, and 35006.

16. As part of the scheme, BURKE addressed the checks from Company A's 7672 account to an American Express Post Office box in Newark, New Jersey. BURKE then signed the checks with his own name, and, where the value of the check exceeded $5,000, forged the

3

name of Company A's president on the checks, and did so without authorization.

17. Beginning no later than in or about March 2011 and continuing through in or about October 2016, BURKE stole approximately $208,615 from Company A by writing more than 75 checks from Company A's 7672 account payable to himself, which he deposited in his personal checking account at PeoplesBank ending in 8280. As part of the scheme, BURKE signed the checks himself and did so without Company A's authorization.

18. Beginning no later than in or about December 2016 and continuing through in or about June 2018, BURKE stole approximately $319,395 from Company A by writing more than seventy checks from Company A's 3001 account to pay his personal American Express credit card accounts ending in 38000, 31008, 33004, and 35006. As part of the scheme, BURKE signed the checks himself and did so without Company A's authorization.

19. As part of the scheme, BURKE addressed and caused to be sent the checks from Company A's 3001 account to an American Express Post Office box in Newark, New Jersey. BURKE then signed the checks with his own name, and, where the value of the check exceeded $5,000, forged the name of Company A's president on the checks, and did so without authorization.

20. Beginning no later than in or about November 2016 and continuing through in or about June 2018, BURKE stole approximately $42,599 from Company A by writing more than 15 checks from Company A's 3001 account payable to himself, which he deposited in his personal checking account at PeoplesBank ending in 8280. As part of the scheme, BURKE signed the checks himself and did so without Company A's authorization.

21. In total, BURKE embezzled approximately $960,171 from Company A's

accounts at Nuvo and Merchants Bank by writing more than two hundred twenty unauthorized checks, which he addressed and caused to be sent to American Express in New Jersey, to pay his personal American Express credit card accounts ending in 31008, 32003, 32006, 33001, 33004, 34009, 35006, and 38000.

22.   In total, BURKE embezzled approximately $251,214 from Company A's accounts at Nuvo and Merchants Bank by writing more than ninety unauthorized checks to himself, which he deposited in his personal checking account at PeoplesBank ending in 8280.

The False Tax Returns

23.   In an effort to conceal and prevent detection of his scheme, BURKE did not report on his federal income tax filings the funds that he fraudulently obtained by writing checks to himself and American Express from Company A's accounts. As a result, for tax years 2015 through 2017, BURKE failed to report or pay taxes on approximately $1.2 million he stole from Company A by writing unauthorized checks to himself.

<u>COUNTS ONE THROUGH FIVE</u>
Bank Fraud
(18 U.S.C. § 1344)

The United States Attorney charges:

24. The United States Attorney re-alleges and incorporates by reference paragraphs 1-23 of this Information.

25. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

GERALD BURKE,

did knowingly execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, Nuvo Bank and Trust Company, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of Nuvo Bank and Trust Company, by means of materially false and fraudulent pretenses, representations, and promises, in that, defendant, without authorization, printed checks drawn on Company A's Nuvo Bank and Trust Company account ending in 7672, and deposited such checks into his PeoplesBank account ending in 8280, as follows:

| Count | Approximate Date | Check Number | Amount |
|---|---|---|---|
| 1 | Aug. 22, 2012 | 24265 | $3,437.14 |
| 2 | Sept. 20, 2013 | 25246 | $3,350.34 |
| 3 | Aug. 29, 2014 | 26166 | $3,436.67 |
| 4 | Dec. 31, 2015 | 27353 | $3,072.66 |
| 5 | Mar. 15, 2016 | 27470 | $3,000.00 |

All in violation of Title 18, United States Code, Section 1344.

COUNTS SIX THROUGH EIGHT
Bank Fraud
(18 U.S.C. § 1344)

The United States Attorney further charges:

26. The United States Attorney re-alleges and incorporates by reference paragraphs 1-23 of this Information.

27. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

GERALD BURKE,

did knowingly execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, Merchants Bank, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of Merchants Bank, by means of materially false and fraudulent pretenses, representations, and promises, in that, defendant, without authorization, printed checks drawn on Company A's Merchants Bank account ending in 3001, and deposited such checks into his personal PeoplesBank account ending in 8280, as follows:

| Count | Approximate Date | Check Number | Amount |
|---|---|---|---|
| 6 | Nov. 23, 2016 | 5039 | $3,366.01 |
| 7 | Feb. 28, 2017 | 30261 | $3,512.56 |
| 8 | May 4, 2018 | 31223 | $3,000.00 |

All in violation of Title 18, United States Code, Section 1344.

## COUNTS NINE THROUGH TEN
### Mail Fraud
### (18 U.S.C. § 1341)

The United States Attorney further charges:

28. The United States Attorney re-alleges and incorporates by reference paragraphs 1-23 of this Information.

29. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

### GERALD BURKE,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did, for the purpose of executing and attempting to execute the scheme, knowingly cause to be delivered by mail and by any private and commercial interstate carrier according to the direction thereon, the following:

| Count | Approximate Date | Mailing |
|---|---|---|
| 9 | July 10, 2017 | $8,118.59 check numbered 30540 drawn on Company A's Nuvo account ending in 7672 and sent by U.S. mail to American Express in New Jersey. |
| 10 | Apr. 26, 2018 | $5,881.05 check numbered 31033 drawn on Company A's Nuvo account ending in 7672 and sent by U.S. mail to American Express in New Jersey. |

All in violation of Title 18, United States Code, Section 1341.

<u>COUNT ELEVEN</u>
Filing a False Tax Return
(26 U.S.C. § 7206(1))

The United States Attorney further charges:

30. The United States Attorney re-alleges and incorporates by reference paragraphs 1-23 of this Information.

31. On or about April 11, 2016, in the District of Massachusetts and elsewhere, the defendant,

GERALD BURKE,

did willfully make and subscribe a U.S. Individual Tax return, for the tax year 2015, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Director, Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter in that the return reported an adjusted gross income of $95,771, when defendant then and there knew that the gross income he actually received for tax year 2015 substantially exceeded the amount reported.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT TWELVE
Filing a False Tax Return
(26 U.S.C. § 7206(1))

The United States Attorney further charges:

32. The United States Attorney re-alleges and incorporates by reference paragraphs 1-23 of this Information.

33. On or about April 17, 2017, in the District of Massachusetts and elsewhere, the defendant,

### GERALD BURKE,

did willfully make and subscribe a U.S. Individual Tax return, for the tax year 2016, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Director, Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter in that the return reported an adjusted gross income of $105,547, when defendant then and there knew that the gross income he actually received for tax year 2016 substantially exceeded the amount reported.

All in violation of Title 26, United States Code, Section 7206(1).

COUNT THIRTEEN
Filing a False Tax Return
(26 U.S.C. § 7206(1))

The United States Attorney further charges:

34. The United States Attorney and incorporates by reference paragraphs 1-23 of this Information.

35. On or about April 30, 2018, in the District of Massachusetts and elsewhere, the defendant,

GERALD BURKE,

did willfully make and subscribe a U.S. Individual Tax return, for the tax year 2017, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Director, Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter in that the return reported an adjusted gross income of $122,859, when defendant then and there knew that the gross income he actually received for tax year 2017 substantially exceeded the amount reported.

All in violation of Title 26, United States Code, Section 7206(1).

## BANK FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2)(A))

The United States Attorney further charges:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1344, set forth in Counts One through Eight, the defendant,

GERALD BURKE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

MAIL FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further charges:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1341, set forth in Counts Nine and Ten, the defendant,

GERALD BURKE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                                            RACHEL S. ROLLINS
                                            UNITED STATES ATTORNEY

By:     /s/ Christopher L. Morgan
                                            CHRISTOPHER L. MORGAN
                                            Assistant United States Attorney